1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

10   JOHN P. MARTINO,                 )        Case No. 2:17-cv-01110-GMN-NJK

11              Plaintiff(s),    )

12   v.                            )        ORDER REGARDING RESOLUTION

13   BMO HARRIS BANK, NATIONAL      )        OF DISCOVERY DISPUTES

ASSOCIATION, et al.,            )

14                                   )

15              Defendant(s).    )

16        Pending before the Court is a discovery plan that includes, *inter alia*, a proposal that discovery

17 disputes be presented to the Court initially in the form of a one-page summary. Docket No. 22 at 6. The

18 Court declines to adopt the procedure proposed. Instead, the Court **ORDERS** as follows:

19        To the extent the parties are unable to resolve a discovery dispute following an appropriate pre-

20 filing conference[1] and wish to streamline the process for resolving that dispute, they may file a

21

22

23        [1] "Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin'*
*Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203

24 (E.D. Tenn. 1986)). Hence, discovery disputes should be presented to the Court only as a last resort and only
when the underlying dispute implicates truly significant interests. *See, e.g.*, *id.* (quoting *In re Convergent*

25 *Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). The pre-filing conference requirement is

26 not a mere technicality, but rather requires counsel to "present to each other the merits of their respect
positions with the same candor, specificity, and support during the informal negotiations as during the

27 briefing of discovery motions." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993); *see also*
*ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The vast majority of

28 discovery disputes should be resolved through the meet-and-confer process without any Court involvement.

stipulation seeking resolution of their dispute. The stipulation shall include a certification detailing the meet-and-confer process, as required by the applicable rules. The joint stipulation shall also include sections outlining each party's factual and legal contentions regarding each discovery dispute. The parties shall draft their respective portions in a complete manner, citing applicable law and evidence, as if it were a brief in relation to a discovery motion. The page limitations for motions established in the Local Rules will not apply to such a stipulation. *Cf.* C.D. Cal. Local Rule 37-2 (outlining similar procedure for presenting discovery disputes).

To the extent the parties do not agree to resolve any particular discovery dispute through the streamlined procedure outlined above, then the discovery dispute shall be presented to the Court through the default procedures in the local rules.[2]

IT IS SO ORDERED.

DATED: June 30, 2017

_____

NANCY J. KOPPE
United States Magistrate Judge

---

[2] Although not entirely clear, the discovery plan appears to envision telephonic resolution of discovery disputes arising during depositions. *See* Docket No. 22 at 6. To be clear, the fact that a dispute arises at a deposition is not, standing alone, grounds to stop the deposition and seek immediate resolution from the Court. *See* Fed. R. Civ. P. 30(c)(2) (objections should be stated on the record, "but the examination still proceeds"). Disputes arising a deposition should be presented in writing as outlined herein or by the default local rules, unless the narrow exceptions to that procedure apply. *Cf.* Fed. R. Civ. P. 30(d)(3) (requests to terminate or limit a deposition should only be made if the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party").

2